**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SONYA R. GARRETT<br><br>Plaintiff(s),<br><br>v.<br><br>DOUGLAS A. COLLINS<br><br>Defendant(s). (Enter above the full name(s) of all defendants in this lawsuit. Please attach additional sheets if necessary.) | Case No. ____________<br>(to be assigned by Clerk of District Court)<br><br>JURY TRIAL DEMANDED<br><br>YES ☑ NO ☐ |

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This employment discrimination lawsuit is based on (check only those that apply):

✔ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., for employment discrimination on the basis of race, color, religion, gender, or national origin. **NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

✔ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*., for employment discrimination on the basis of age (age 40 or older).
**NOTE**: *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

____ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*., for employment discrimination on the basis of disability.
**NOTE**: *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

____ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.
**NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office representative or agency.*

____ Other (Describe)

**PARTIES**

2. Plaintiff's name: SONYA R. GARRETT

Plaintiff's address: 11469 OLIVE BLVD. #233
Street address or P.O. Box

ST. LOUIS, MO 63141
City/ County/ State/Zip Code

3142762179
Area code and telephone number

3. Defendant's name: DOUGLAS A. COLLINS, SECRETARY

Defendant's address: 810 VERMONT AVENUE, NW
Street address or P.O. Box

WASHINGTON, DC 20420
City/County/State/ Zip Code

______
Area code and telephone number

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES, ADDRESSES AND TELEPHONE NUMBERS ON A SEPARATE SHEET OF PAPER.**

4. If you are claiming that the discriminatory conduct occurred at a different location, please provide the following information:

9700 PAGE AVENUE, ST LOUIS, MO 63132

(Street Address) (City/County) (State) (Zip Code)

5. When did the discrimination occur? Please give the date or time period:

JULY 4, 2023

## ADMINISTRATIVE PROCEDURES

6. Did you file a charge of discrimination against the defendant(s) with the Missouri Commission on Human Rights?

☐ Yes Date filed: ______________________

☑ No

7. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

☑ Yes Date filed: JULY 4, 2023

☐ No

8. Have you received a Notice of Right-to-Sue Letter?

☑ Yes ☐ No

If yes, please attach a copy of the letter to this complaint.

9. If you are claiming age discrimination, check one of the following:

✔ 60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

_____ fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

## NATURE OF THE CASE

10. The conduct complained of in this lawsuit involves (check only those that apply):

- ____ failure to hire me
- ____ termination of my employment
- _✔_ failure to promote me
- ____ failure to accommodate my disability
- _✔_ terms and conditions of my employment differ from those of similar employees
- _✔_ retaliation
- _✔_ harassment
- _✔_ other conduct (specify):

Hostile environment

Did you complain about this same conduct in your charge of discrimination?

_☑_ Yes _☐_ No

11. I believe that I was discriminated against because of my (check all that apply):

✔ race

____ religion

____ national origin

✔ color

✔ gender

____ disability

✔ age (birth year is: 1965 )

____ other:

Did you state the same reason(s) in your charge of discrimination?

[✔] Yes [ ] No

12. State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

1. Plaintiff Sonya Garrett was employed by the United States Department of Veterans Affairs in St. Louis, Missouri. During the relevant period, Plaintiff is a black female over the age of forty and had previously participated in protected EEO activity.
2. During Plaintiff's employment, she experienced a series of employment actions that she believes were based on her race, sex, age, and/ or retaliation for her prior protected EEO activity.
3. On or about May 10, 2023, a white subordinate employee yelled, banged her fist on desk, screamed at Plaintiff in the workplace and acted in an insubordinate manner. Plaintiff reported the incident to management. Plaintiff contends that management did not respond tothe incident in the same manner that it responds to allegations involving Plaintiff. (see continuation)

(Continue to page 6, if additional space is needed.)

**SONYA GARRETT/ CONTINUATION 2**

**12. STATE HERE, AS BRIEFLY AND CLEARLY AS POSSIBLE, THE ESSENTIAL FACTS OF YOUR CLAIM.**

4. Plaintiff was subsequently subjected to counseling, disciplinary actions, and criticism concerning work practices and the transmission of work-related emails. Plaintiff contends that similarly situated employees who engaged in comparable conduct were not treated as harshly. Another male supervisor sent out letters before starting his shift and was never written up or counseled the Plaintiff was.

5. Plaintiff repeatedly requested reassignment or transfer from the work environment. Management denied or delayed Plaintiff's requests even though Plaintiff contends that another employee (her former supervisor) was permitted to return back to his old position within two weeks, and the Plaintiff had been requesting for over five months.

6. Plaintiff also applied for multiple positions and promotional opportunities within the Department of Veterans Affairs but was not selected. Plaintiff contends that she was qualified for the positions and that the non-selections occurred during the same period in which she was engaged in EEO activity and experiencing other adverse employment actions.

7. Management officials involved in the events included Human Resources and VA management personnel who knew or reasonably could have known of Plaintiff's prior EEO activity. Plaintiff contends that some of the same officials were involved in decisions concerning her discipline, assignments, transfer requests, and/or employment opportunities. Former Chief of the CSD Department (now retired) requested the Plaintiff be demoted to a GS-7 even though she got a favorable performance appraisal.

8. Plaintiff further contends that management considered reducing or demoting her from her position despite favorable information concerning her performance and despite her repeated requests for assistance and reassignment.

9. Plaintiff believes the pattern of discipline, differential treatment, denied transfer back to old position, workplace treatment, and non-selections was discriminatory based upon her race, sex, and age and was also taken in retaliation for her prior protected EEO activity.

10. Plaintiff filed and pursued the required administrative EEO proceedings concerning these employment actions and received a final administrative decision before bringing this civil action.

(Attach additional sheets as necessary).

13. The acts set forth in paragraph 12 of this complaint:

☐ are still being committed by the defendant.

☐ are no longer being committed by the defendant.

☑ may still be being committed by the defendant.

**REQUEST FOR RELIEF**

State briefly and exactly what you want the Court to do for you. Make no legal arguments; cite no cases or statutes.

1. Enter judgment in Plaintiff's favor on all claims proven at trial;
2. Declare that the Defendant violated Plaintiff's rights under the applicable federal employment discrimination and retaliation laws;
3. Award Plaintiff all recoverable back pay, lost wages, lost benefits, retirement benefits, and other employment-related compensation resulting from Defendant's unlawful employment actions; (see attachment cont)

14. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

**SONYA R. GARRETT**

**EMPLOYMENT DISCRIMINATION COMPLAINT/ CONTINUATION 2**

REQUEST FOR RELIEF:

**PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT:**

4. Award appropriate front pay and/or other equitable monetary relief to compensate Plaintiff for future employment losses caused by Defendant's unlawful conduct;

5. Order appropriate equitable relief, including correction of Plaintiff's personnel and employment actions found to be unlawful;

6. Award compensatory damages to the fullest extent permitted by law for proven emotional distress, humiliation, inconvenience, loss of enjoyment of life, and other compensable nonpecuniary damages caused by Defendant's unlawful conduct;

7. With respect to Plaintiff's non-selection claims, award appropriate make-whole relief, including placement, instatement, promotion, back pay, benefits, seniority, and/ or front pay, as warranted by the evidence and permitted by law;

8. Award Plaintiff allowable costs and, if Plaintiff obtains counsel, reasonable attorney's fees to the extent authorized by law;

9. Award prejudgment and post-judgment interest to the extent permitted by law;

10. Grant appropriate injunctive and equitable relief necessary to prevent further unlawful retaliation and discrimination;

11. Grant Plaintiff a trial by jury on all claims and remedies for which a jury trial is authorized; and

12. Grant such other and further legal or equitable relief as the Court determines to be just and proper.

Sonya Garrett

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 1st day of September, 2026.

Signature of Plaintiff Sonya Garrett